# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTT MATTHEW WANDSCHNEIDER, and ROBIN WANDSCHNEIDER, )<br><br>Plaintiffs, )<br>v. )<br>TUESDAY MORNING, INC., )<br>HOME ESSENTIALS )<br>AND BEYOND, FUIJAN MINHOU )<br>MINXING CORPORATION, )<br><br>Defendants, )<br>and )<br>HOME ESSENTIALS AND BEYOND, )<br>a New York Corporation, )<br><br>Third-Party Plaintiff, )<br>v. )<br>FUIJAN MINHOU MINXING )<br>WEAVING CO., LTD, a foreign )<br>corporation., )<br><br>Third-Party Defendant. ) | Case No. 08-CV-522-TCK-FHM |

## OPINION AND ORDER

Before the Court are Defendant Fuijan Minhou Minxing Weaving Co. Ltd.'s ("Fuijan") Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 101) and Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 112).

**I.      Factual Background**

On or about August 21, 2005, Plaintiff Scott Wandschneider ("Scott") was injured in a retail store owned and operated by Defendant Tuesday Morning, Inc. ("Tuesday Morning") after sitting on an allegedly defective stool. On August 17, 2007, Scott and his wife Robin Wandschneider

("Robin") filed a petition in state court against Tuesday Morning and Home Essentials and Beyond ("HEB") ("2007 Petition"). This petition was voluntarily dismissed without prejudice on November 30, 2007. On August 15, 2008, Plaintiffs filed a second petition in state court against Tuesday Morning and HEB ("2008 Petition"), which was removed to this Court on September 8, 2008. Based on this Court's dismissal of certain claims (*see* Doc. 19), Scott has only two remaining claims against Tuesday Morning and HEB: (1) products liability; and (2) negligence. Robin has a loss of consortium claim against such Defendants.

On June 15, 2009, HEB filed a third-party Complaint against Fuijan, asserting an indemnity claim and alleging that Fuijan was the manufacturer of the allegedly defective stool. Fuijan is a foreign corporation, and HEB had a difficult time locating and serving Fuijan. On July 6, 2010, HEB filed a motion to join Fuijan as a necessary defendant to Scott's negligence claim ("Rule 19 Motion"). Plaintiffs did not file any opposition or other response to the Rule 19 Motion. After HEB finally located and served Fuijan, Fuijan filed an answer on October 13, 2010. Following its entry into the case, Fuijan did not oppose the pending Rule 19 Motion. On November 24, 2010, Tuesday Morning filed a motion for leave to file an amended answer to assert cross claims seeking indemnity from both HEB and Fuijan.

On January 5, 2011, the Court granted Tuesday Morning's unopposed motion to assert cross claims. Also on January 5, 2011, the Court granted HEB's Rule 19 motion ("Rule 19 Order"). The Rule 19 Order stated:

> The Court previously granted Plaintiffs an extension of time . . . to respond to the [Rule 19] Motion. Neither Plaintiffs, Fuijan, nor any other party has filed an objection to the Motion. For good cause shown – namely, that indemnity may not be available for product liability sounding in negligence – the [Rule 19] Motion is granted. Fuijan is joined as a Defendant to *Plaintiffs' action* pursuant to Federal Rule of Civil Procedure 19(a) . . . .

2

(Doc. 87 (emphasis added).) Based on the Court's January 5, 2011 Orders, the parties moved for an expedited scheduling conference, which was referred to Magistrate Judge Frank McCarthy. On January 25, 2011, Judge McCarthy conducted a scheduling hearing ("hearing").

During the hearing, the parties expressed confusion regarding the Court's Rule 19 Order and its impact on the case. Due to this confusion, Judge McCarthy did not set a schedule. After conferring with Judge McCarthy about the conference, the Court listened to the entire hearing to understand the parties' confusion. In short, the parties were unclear as to whether Fuijan was added as a necessary defendant to the negligence claim, product liability claim, or both. Such confusion stemmed in part from the "Plaintiffs' action" language italicized above. Fuijan's counsel expressed concern that, if Fuijan was defending the product liability and/or negligence claims, it would need substantial additional time for discovery. He indicated Fuijan would need a much shorter time for discovery if it was only defending indemnity claims asserted by HEB and Tuesday Morning. Plaintiffs' counsel expressed concern about any delays in scheduling and indicated that, if the Court's Rule 19 Order added Fuijan to the negligence claim only, he might elect to dismiss the negligence claim to avoid any further delays caused by Fuijan's late entry into the case. HEB's counsel stated that neither its Rule 19 Motion nor the Court's Rule 19 Order were rendered moot by any subsequent events occurring in the lawsuit and maintained that Fuijan was a necessary defendant to the negligence claim.

On February 14, 2011, the Court entered an Order providing clarification on issues raised at the hearing. Specifically, the Court stated:

> All of HEB's arguments [in its Rule 19 Motion] related to Fuijan's required presence as a defendant to the negligence claim, rather than to the product liability claim. (*See, e.g.*, Br. in Supp. of Rule 19 Mot. at 5 ("Manufacturer's product liability provides that the Plaintiff may seek recovery from any link in the distribution chain, and any defendant may seek indemnification from the previous link in the chain. *However,*

3

> *indemnity is not provided for in this manner regarding the plaintiff's negligence claim*, and Home Essentials would be forced to rely upon the general principles of negligence to obtain indemnity against Fujian, if at all.") (emphasis added).) The Court construed the Rule 19 Motion as seeking to add Fuijan as a defendant to the negligence claim only. The Rule 19 Motion was unopposed. The Court's intention in its Order (Doc. 87) was to add Fuijan as a required party defendant to the negligence claim and not the products liability claim. Therefore, pursuant to Federal Rule of Civil Procedure 19(a)(1) and (2) and the Court's Order (Doc. 87), Fuijan is currently a defendant to the negligence claim. For clarity on the record, Plaintiffs are ordered to file an Amended Complaint no later than February 17, 2011, naming Fuijan as a Defendant to the negligence claim. If, as suggested at the hearing, Plaintiffs desire to voluntarily dismiss the negligence claim, they shall file a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) or a motion for dismissal pursuant to Rule 41(a)(2). Plaintiffs shall do so no later than February 21, 2011. Following February 21, 2011, the Court will enter a schedule or set an additional scheduling conference.

(Doc. 99 (footnotes omitted).) Plaintiffs filed the Amended Complaint ordered by the Court. Plaintiffs, however, elected *not* to dismiss the negligence claim by the date set by the Court, indicating their desire to proceed with such claim notwithstanding any resulting delays.

On February 21, 2011, Fuijan moved to dismiss the negligence claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") ("Motion to Dismiss") based on expiration of the relevant statute of limitations. On March 14, 2011, Plaintiffs sought leave to file a Second Amended Complaint ("Motion to Amend") to (1) add language regarding when Plaintiffs first discovered that Fuijan was the manufacturer of the stool, and (2) name Fuijan as a defendant to the product liability claim.

**II.     Motion to Amend**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a court should "freely give leave when justice so requires." District courts have wide discretion to allow amendment "in the interest of a just, fair or early resolution of litigation." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009). District courts generally deny leave to amend only on "a showing of undue delay, undue prejudice

4

to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety*, *City, and Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (internal quotation omitted). "In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend." *Id.* Fuijan asserts that leave to amend should be denied due to futility and untimeliness.[1]

"A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason . . . ." *E.SPIRE Commc'ns, Inc. v. N.M. Public Reg. Commc'n*, 392 F.3d 1204, 1211 (10th Cir. 2004); *Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994) ("If a proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim, then the court is clearly justified in denying an amendment on futility grounds."). "In ascertaining whether plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true." *See Murray*, 156 F.R.D. at 238 (citations omitted). "Any ambiguities must be resolved in favor of plaintiff, giving him 'the benefit of every reasonable inference' drawn from the 'well-pleaded' facts and allegations in his complaint." *Id.*

Fuijan contends that, even assuming Plaintiffs are permitted to add language regarding when they first discovered Fuijan's involvement with the stool (*see* proposed Second Amended Complaint, Ex. 1 to Doc. 112, at ¶ 22 (alleging that Plaintiffs first discovered Fuijan's role on or about May 12, 2009)), the product liability claim is futile as outside the statute of limitations. Specifically, Fuijan argues that the discovery rule does not apply to the facts alleged:

---

[1] The Court finds that amendment is futile and does not reach the issue of timeliness.

> In the present case, the Plaintiffs are attempting to use the discovery rule, not in respect to the actual knowledge of the injury; but rather, that they knew of the injury but did not or should not have discovered a party's identity until almost four years after the alleged injury and only then [d]ecided to bring the cause of action for the first time over a year and a half later. This position is flawed in that the Plaintiffs knew of the injury in 2005 and clearly began due diligence at that time to establish the cause of action against [HEB] before any litigation ever began in 2007.

(Resp. to Mot. for Leave 5.) In essence, Fuijan asserts that, given Plaintiffs' awareness of Scott's injury as early as 2005, the statute of limitations has expired notwithstanding any allegation as to when Plaintiffs discovered the existence, identity, and/or potential liability of Fuijan. Plaintiffs contend that the discovery rule applies to the identity of particular defendants, such that their allegations are sufficient to plead equitable tolling of the statute of limitations. Alternatively, Plaintiffs argue that the proposed addition of the product liability claim "relates back" to a previous petition, such that the claim may be deemed filed on that date.[2]

1. **Discovery Rule**

Product liability actions, and loss of consortium actions arising therefrom, are subject to a two-year statute of limitations. Okla. Stat. tit.12, § 95(3); *Kirkland v. Gen. Motors Corp.*, 521 P.2d 1353, 1361 (Okla. 1974); *Moss v. Plyco, Inc.*, 522 P.2d 622, 624 (Okla. 1974). The discovery rule, which tolls the statute of limitations in certain circumstances, has been extended to product liability claims. *Daugherty v. Farmers Co-Op Ass'n*, 689 P.2d 947, 950 (Okla. 1984) (citing *Williams v. Borden, Inc.*, 637 F.2d 731 (10th Cir. 1980), as correct prediction of Oklahoma law but cautioning that the discovery rule, as applied to Oklahoma product liability actions, "must not be interpreted as broadly as could be inferred from *Borden*")). In *Daugherty*, the Oklahoma Supreme Court

---

[2] Plaintiffs do not clearly set forth whether they seek to prove relation back to the 2007 Petition or the 2008 Petition. For purposes of this Order only, the Court assumes that relation back to either petition would save the claim. However, for reasons explained below, the relation back doctrine does not apply.

6

explained the unique circumstances present in *Williams* that warranted tolling of the statute of limitations in that product liability case – namely, where "the injury potential from inhaled PVC fumes from meat wrapping produced by cutting the plastic file with a hot wire was unknown at the time of injury," where "extant literature and knowledge in the medical, toxilogical chemical fields did not exist sufficient for the plaintiff or anyone else to realize from where the symptoms of injury arose," and where the plaintiff "had no way of attributing his symptoms to an injury which defendant's product caused." *Daugherty*, 689 P.2d at 950. In contrast, in *Daugherty*, the "toxicity potential" of the pesticides at issue was common knowledge and the "connection between the product and the injury was discoverable." *Id.* at 950. The Oklahoma Supreme Court reiterated the purpose of the discovery rule:

> Properly limited, a discovery rule should encompass the precept that acquisition of sufficient information which, if pursued, would lead to the true condition of things will be held as sufficient knowledge to start the running of the statute of limitations. This rule obtains because a reasonably prudent person is required to pursue his claim with diligence. Statutes of limitation were not designed to help those who negligently refrain from prosecuting inquiries plainly suggested by the facts. A plaintiff is chargeable with knowledge of facts which he ought to have discovered in the exercise of reasonable diligence.

*Id.* at 950-51 (citation omitted).

The product liability claim asserted in the Second Amended Complaint would be filed against Fuijan over five years following Plaintiff's fall from the stool. In contrast to a case in which the cause of a particular injury is essentially untraceable to a particular defendant, Plaintiffs' failure to "discover" Fuijan as the manufacturer of the stool was possible had Plaintiffs exercised diligence. Thus, the type of "discovery" that Plaintiffs seek to allege in the proposed Second Amended Complaint, even accepting the discovery date as accurate, does not toll the relevant statute of limitations. *See Wells v. Lowe's Home Ctrs., Inc.*, No. 06-CV-150, 2008 WL 2783161, at *2 (N.D.

7

Okla. July 15, 2008) (applying Oklahoma law) (dismissing claims against manufacturer based on statute of limitations where the plaintiff was injured by saw blade but first learned identity of actual manufacturer after expiration of the statute of limitations). In *Wells*, the court reasoned:

> Here, Plaintiffs clearly knew of the injury to Wells' eye, and that it was caused by the saw blade, on November 26, 2003. The only information not known by the Plaintiffs was the identity of the actual manufacturer of the saw blade. Plaintiffs have cited no authority for the proposition that this type of informational deficit is excused by Oklahoma's discovery rule. Therefore, the Court cannot conclude that Oklahoma's discovery rule tolls the statute of limitations when the injured party knows they have been wrongfully injured, has identified the product that caused the injury, and has identified the designer, distributer, and seller of that product, but has not identified the actual manufacturer of the product. Because Plaintiffs had sufficient information to initiate the running of the limitations period on November 26, 2003, Plaintiffs had only until November 26, 2005, to diligently pursue their claims against those responsible.

*Id.* The facts of this case are identical to those presented in *Wells* in that Plaintiffs knew of the injury, the product that caused the injury, and other entities within the distribution chain but did not know the identity of the actual manufacturer until following expiration of the statute of limitations. The Court therefore finds that Plaintiffs' proposed product liability claim is outside the relevant two–year statute of limitations, even were the Court to permit the "discovery" language contained in paragraph 22 of the proposed Second Amended Complaint.

### 2. Relation Back

Alternatively, Plaintiffs contend that, if their proposed product liability claim against Fuijan is outside the statute of limitations, it is saved by the "relation back" doctrine set forth in Federal Rule of Civil Procedure 15(c) ("Rule 15(c)"). Rule 15(c) provides:

> c) Relation Back of Amendments.
> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

8

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(I) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civil P. 15(c).

In this case, Plaintiffs rely upon Rule 15(c)(1)(A), which requires the Court to consider state law. The purpose of Rule 15(c)(1)(A) is to make clear that, if state limitations law "affords a more forgiving principle of relation back than" Rule 15(c), such state law "should be available to save the claim." Fed. R. Civ. P. 15(c) Comm. N. to 1991 Amendment. Thus, state law becomes relevant to the Rule 15(c) analysis to the extent it is more lenient than federal law. *Coons v. Indus. Knife Co., Inc.*, 620 F.3d 38, 42 (1st Cir. 2010) ("In addition to the federal test, Rule 15(c)(1)(A) allows for relation back when the law that provides the applicable statute of limitations . . . allows relation back. . . . . We have described the choice between these two provisions as 'a one-way ratchet,' meaning that a party is entitled to invoke the more permissive relation back rule, whether that is the state rule or the federal rule set out in Rule 15(c)(1)(C).").

Oklahoma's relation back statute, Okla. Stat. tit. 12, § 2015(C) ("Rule 2015(C)"), is nearly identical to Rule 15(c). It permits amendment where:

1. Relation back is permitted by the law that provides the statute of limitations applicable to the action; or

2. The claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or

3. The amendment changes the party or the naming of the party against whom a claim is asserted if paragraph 2 of this subsection is satisfied and, within the period provided by subsection I of Section 2004 of this title for service of the summons and petition, the party to be brought in by amendment:

a. has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

b. knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. An amendment to add an omitted counterclaim does not relate back to the date of the original answer.

Okla. Stat. tit. 12, § 2015(C). The Oklahoma Supreme Court has "aligned Oklahoma's relation back doctrine with [Rule 15(c)] of the Federal Rules of Civil Procedure," *Roth v. Mercy Health Cent., Inc.*, 246 P.3d 1079, 1088 (Okla. 2011), and relies upon Rule 15(c) and federal case law in interpreting Oklahoma law, *see id.* at 1088-89. Oklahoma law is not "more forgiving" than federal law but instead imposes the same standard as the federal rule. Therefore, the question of whether Rule 15(c)(1)(A) permits relation back turns on whether Rule 15(c)(1)(B) or (C), and their state law equivalents, permits amendment. The Court will examine each.

Courts and commentators agree that Rule 15(c)(1)(B) – which allows relation back of new claims or defenses arising from the same transaction as that alleged in the original complaint – applies only to new claims asserted *against original parties to the complaint*. *See Coons*, 620 F.3d at 42 (analyzing whether proposed amendment to add new party qualified for relation back under Rule 15(c)(1)(A), *i.e.*, under the relevant state law, or (C)); 6A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice & Procedure* § 1497 & n.1 (3d ed. 2010) (explaining that Rule 15(c)(1)(B) governs new claims or defenses against existing parties but that there are "additional requirements for claims or defenses involving party changes," which are set forth in Rule

15(c)(1)(C)); *id.* § 1498 (explaining that Rule 15(c)(1)(C)'s additional requirements are "designed to assure that any party who is added by amendment after the limitations period has expired has adequate notice of the action and of plaintiff's mistake in failing to name the new party at the outset"). Fuijan was not a party to the original complaint, and Plaintiffs Rule 15(c)(1)(B) does not apply.

Federal Rule 15(c)(1)(C), and its Oklahoma equivalent set forth in Rule 2015(C)(3), have three essential requirements: (1) the claim asserted against the newly designated defendant must arise out of the conduct, transaction, or occurrence set out or attempted to be set out in the original pleading; (2) the newly designated party must have received notice of the action within the relevant service period under federal or state law, such that it will not be prejudiced in defending on the merits; and (3) it must appear that, within the service period, the newly designated defendant either knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. *Coons*, 620 F.3d at 42; *see also Krupski v. Costa Crociere S.p.A.*, --- U.S. ----, ----, 130 S.Ct. 2485, 2489-90 (2010) (explaining meaning of third element); *Roth*, 246 P.3d at 1088 (applying Oklahoma law) (citing *Krupski* as recently clarifying meaning of third element). Here, Plaintiffs cannot satisfy the second element – that Fuijan received notice of either the 2007 Petition or the 2008 Petition within 180 days of their filings.[3] Fuijan first received notice of the lawsuit sometime after June 15, 2009, when HEB filed a Third Party Complaint against it. Because Fuijan was difficult to serve, it was well after the June 15, 2009 filing date that Fuijan received actual notice. Fuijan did not appear in the case until October 2010. The relation back

---

[3] The Court has utilized Oklahoma's 180-day service period, *see* Okla. Stat. tit. 12, § 2004(I), because it is more forgiving than the 120-day federal service period, *see* Fed. R. Civ. P. 4(m).

doctrine does not apply under these circumstances because Fuijan did not receive notice of the suit within the relevant service period because Fuijan did not receive notice of the suit within the relevant period, which is a prerequisite to application of Rule 15(c)(1)(C).

Plaintiffs' proposed Second Amended Complaint adding a product liability claim against Fuijan is futile because: (1) even if Plaintiffs allege and prove that May 12, 2009 was the first time they knew that Fuijan's manufactured the stool, this does not entitle them to any equitable tolling under Oklahoma's discovery rule; and (2) the proposed Second Amended Complaint does not relate back to any previous Petition filed within the statute of limitations period. Accordingly, Plaintiffs' Motion to Amend is denied.

### III.  Motion to Dismiss

Based on the possibility that it may become moot were the Court to grant the Motion to Amend, the Court stayed briefing on the Motion to Dismiss. Therefore, Plaintiffs have not been permitted to respond. However, Fuijan's Motion to Dismiss is premised on the expiration of the two-year statute of limitations for the negligence claim. Plaintiffs have essentially responded to the Motion to Dismiss by responding to Fuijan's futility argument in relation to the proposed product liability claim. Plaintiffs would likely argue, as they did in the Motion to Amend, that the statute of limitations should be equitably tolled under the discovery rule or that the negligence claim relates back to a previous Petition. The Court has rejected these arguments.

One substantive difference between the Amended Complaint and the proposed Second Amended Complaint is that the Amended Complaint was prompted by the Court's Rule 19 Order, rather than Plaintiffs' initiative. However, the Court's initial research indicates that Rule 19 cannot trump or obviate a statute of limitations, once properly raised. *Andrews v. Lakeshore Rehabilitation*

*Hosp.*, 140 F.3d 1405, 1408 (11th Cir. 1998) (rejecting argument that, because joinder of party was required or proper under Rule 19, court had power to ignore statutes of limitation) ("We agree with the district court that these arguments also fail because the provisions for joinder of parties under Rules 19 and 21 are not immune from statutes of limitations.") (citing 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1688 (3d ed. 2010)). Thus, despite the Court's Rule 19 Order prompting the negligence claim against Fuijan in the Amended Complaint, it appears that such claim must be dismissed because it is outside the relevant statute of limitations. Nonetheless, if Plaintiffs, or any other party, wish to file responses to the Motion to Dismiss, they may do so no later than May 27, 2011. Replies shall be filed no later than June 3, 2011.

**IV.    Conclusion**

The Motion for Leave (Doc. 112) is DENIED. Response briefs to the Motion to Dismiss (Doc. 101) must be filed by May 27, 2011, and replies shall be filed by June 3, 2011.

**IT IS SO ORDERED** this 23rd day of May, 2011.

*/s/ Terence Kern*
**TERENCE KERN**
**United States District Judge**