IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTT MATTHEW WANDSCHNEIDER, and ROBIN WANDSCHNEIDER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 08-CV-522-TCK-FHM ) |
| TUESDAY MORNING, INC., HOME ESSENTIALS AND BEYOND, | ) ) ) ) |
| Defendants, | ) ) |
| and | ) ) |
| HOME ESSENTIALS AND BEYOND, a New York Corporation, | ) ) ) |
| Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| FUJIAN MINHOU MINXING WEAVING CO., LTD, a foreign corporation., | ) ) ) ) |
| Third-Party Defendant. | ) |

### AMENDED OPINION AND ORDER[1]

Before the Court are Defendant Fujian Minhou Minxing Weaving Co. Ltd.'s ("Fujian")[2] Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 101) and Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 112).

---

[1] The Opinion and Order dated May 23, 2011 (Doc. 124) is hereby vacated and superseded by this Amended Opinion and Order.

[2] It appears the proper name of this corporation is *Fujian* Minhou Minxing Weaving Co. Ltd. and not *Fuijan* Minhou Minxing Weaving Co. The docket sheet will be corrected accordingly.

## I. Factual Background

On or about August 21, 2005, Plaintiff Scott Wandschneider ("Scott") was injured in a retail store after sitting on an allegedly defective stool. The store was owned and operated by Defendant Tuesday Morning, Inc. ("Tuesday Morning"). On August 17, 2007, Scott and his wife Robin Wandschneider ("Robin") filed a petition in state court against Tuesday Morning and Defendant Home Essentials and Beyond ("HEB") ("2007 Petition"). This petition was voluntarily dismissed without prejudice on November 30, 2007. On August 15, 2008, Plaintiffs filed a second petition in state court against Tuesday Morning and HEB ("2008 Petition"), which was removed to this Court on September 8, 2008. Based on this Court's dismissal of certain claims (*see* Doc. 19), Plaintiffs had two remaining claims against Tuesday Morning and HEB: (1) products liability; and (2) negligence.[3]

On June 15, 2009, HEB filed a third-party Complaint against Fujian, asserting an indemnity claim and alleging that Fujian was the manufacturer of the allegedly defective stool. Fujian is a foreign corporation, and HEB had a difficult time locating and serving Fujian. On July 6, 2010, HEB filed a motion to join Fujian as a necessary defendant to Scott's negligence claim ("Rule 19 Motion"). Plaintiffs did not file any opposition or other response to the Rule 19 Motion. After HEB located and served Fujian, Fujian filed an answer on October 13, 2010. Following its entry into the case, Fujian did not oppose the pending Rule 19 Motion. On November 24, 2010, Tuesday Morning filed a motion for leave to file an amended answer to assert cross claims seeking indemnity from both HEB and Fujian.

---

[3] Robin seeks damages for loss of consortium.

On January 5, 2011, the Court granted Tuesday Morning's unopposed motion to assert cross claims. Also on January 5, 2011, the Court granted HEB's Rule 19 motion ("Rule 19 Order"). The Rule 19 Order stated:

> The Court previously granted Plaintiffs an extension of time . . . to respond to the [Rule 19] Motion. Neither Plaintiffs, Fujian, nor any other party has filed an objection to the Motion. For good cause shown – namely, that indemnity may not be available for product liability sounding in negligence – the [Rule 19] Motion is granted. Fujian is joined as a Defendant to *Plaintiffs' action* pursuant to Federal Rule of Civil Procedure 19(a) . . . .

(Doc. 87 (emphasis added).) Based on the Court's January 5, 2011 Orders, the parties moved for an expedited scheduling conference, which was referred to Magistrate Judge Frank McCarthy. On January 25, 2011, Judge McCarthy conducted a scheduling hearing ("hearing").

During the hearing, the parties expressed confusion regarding the Court's Rule 19 Order and its impact on the case. Due to this confusion, Judge McCarthy did not set a schedule. After conferring with Judge McCarthy about the conference, the Court listened to the hearing. In short, the parties were unclear as to whether Fujian was added as a necessary defendant to the negligence claim, product liability claim, or both. Such confusion stemmed in part from the "Plaintiffs' action" language italicized above. Fujian's counsel expressed concern that, if Fujian was defending the product liability and/or negligence claims, it would need substantial additional time for discovery. He indicated Fujian would need a much shorter time for discovery if it was only defending indemnity claims asserted by HEB and Tuesday Morning. Plaintiffs' counsel expressed concern about any delays in scheduling and indicated that, if the Court's Rule 19 Order added Fujian to the negligence claim only, he might elect to dismiss the negligence claim to avoid any further delays caused by Fujian's late entry into the case. HEB's counsel stated that neither its Rule 19 Motion nor

3

the Court's Rule 19 Order were rendered moot by subsequent events occurring in the lawsuit and maintained that Fujian was a necessary defendant to the negligence claim.

On February 14, 2011, the Court entered an Order providing clarification on issues raised at the hearing. Specifically, the Court stated:

> All of HEB's arguments [in its Rule 19 Motion] related to Fujian's required presence as a defendant to the negligence claim, rather than to the product liability claim. (*See, e.g.*, Br. in Supp. of Rule 19 Mot. at 5 ("Manufacturer's product liability provides that the Plaintiff may seek recovery from any link in the distribution chain, and any defendant may seek indemnification from the previous link in the chain. *However, indemnity is not provided for in this manner regarding the plaintiff's negligence claim*, and Home Essentials would be forced to rely upon the general principles of negligence to obtain indemnity against Fujian, if at all.") (emphasis added).) The Court construed the Rule 19 Motion as seeking to add Fujian as a defendant to the negligence claim only. The Rule 19 Motion was unopposed. The Court's intention in its Order (Doc. 87) was to add Fujian as a required party defendant to the negligence claim and not the products liability claim. Therefore, pursuant to Federal Rule of Civil Procedure 19(a)(1) and (2) and the Court's Order (Doc. 87), Fujian is currently a defendant to the negligence claim. For clarity on the record, Plaintiffs are ordered to file an Amended Complaint no later than February 17, 2011, naming Fujian as a Defendant to the negligence claim. If, as suggested at the hearing, Plaintiffs desire to voluntarily dismiss the negligence claim, they shall file a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) or a motion for dismissal pursuant to Rule 41(a)(2). Plaintiffs shall do so no later than February 21, 2011. Following February 21, 2011, the Court will enter a schedule or set an additional scheduling conference.

(Doc. 99 (footnotes omitted).) Plaintiffs filed the Amended Complaint ordered by the Court. (*See* Doc. 100.) Plaintiffs, however, elected *not* to dismiss the negligence claim by the date set by the Court, indicating their desire to proceed with such claim notwithstanding any resulting scheduling delays.

On February 21, 2011, Fujian moved to dismiss the negligence claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") ("Motion to Dismiss") based on expiration of the relevant statute of limitations. On March 14, 2011, Plaintiffs sought leave to file a Second Amended Complaint ("Motion to Amend") to (1) add language regarding when Plaintiffs first

4

discovered that Fujian was the manufacturer of the stool, and (2) name Fujian as a defendant to the product liability claim.

## II. Motion to Amend

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a court should "freely give leave when justice so requires." District courts have wide discretion to allow amendment "in the interest of a just, fair or early resolution of litigation." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009). District courts generally deny leave to amend only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City, and Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (internal quotation omitted). "In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend." *Id.* Fujian asserts that leave to amend should be denied due to futility and untimeliness.[4]

"A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason . . . ." *E.SPIRE Commc'ns, Inc. v. N.M. Public Reg. Commc'n*, 392 F.3d 1204, 1211 (10th Cir. 2004); *Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994) ("If a proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim, then the court is clearly justified in denying an amendment on futility grounds."). "In ascertaining whether plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true." *See Murray*, 156 F.R.D. at 238 (citations omitted). "Any ambiguities must be resolved in favor of plaintiff, giving him 'the benefit

---

[4] The Court finds that amendment is futile and does not reach the issue of timeliness.

of every reasonable inference' drawn from the 'well-pleaded' facts and allegations in his complaint."

*Id.*

Fujian contends that, even assuming Plaintiffs are permitted to add language regarding when they first discovered Fujian's involvement with the stool (*see* proposed Second Am. Compl., Ex. 1 to Doc. 112, at ¶ 22 (alleging that Plaintiffs first discovered Fujian's role on or about May 12, 2009)), the product liability claim is futile as outside the statute of limitations. Specifically, Fujian argues that the discovery rule does not apply to the facts alleged:

> In the present case, the Plaintiffs are attempting to use the discovery rule, not in respect to the actual knowledge of the injury; but rather, that they knew of the injury but did not or should not have discovered a party's identity until almost four years after the alleged injury and only then [d]ecided to bring the cause of action for the first time over a year and a half later. This position is flawed in that the Plaintiffs knew of the injury in 2005 and clearly began due diligence at that time to establish the cause of action against [HEB] before any litigation ever began in 2007.

(Resp. to Mot. for Leave 5.) In essence, Fujian asserts that, given Plaintiffs' awareness of Scott's injury as early as 2005, the statute of limitations has expired notwithstanding any allegation as to when Plaintiffs discovered the existence, identity, and/or potential liability of Fujian. Plaintiffs contend that the discovery rule applies to the identity of particular defendants, such that their allegations are sufficient to plead equitable tolling of the statute of limitations. Alternatively, Plaintiffs argue that the proposed addition of the product liability claim "relates back" to a previous petition, such that the claim may be deemed filed on that date.

### A. Discovery Rule

Product liability actions, and loss of consortium actions arising therefrom, are subject to a two-year statute of limitations. Okla. Stat. tit.12, § 95(3); *Kirkland v. Gen. Motors Corp.*, 521 P.2d 1353, 1361 (Okla. 1974); *Moss v. Plyco, Inc.*, 522 P.2d 622, 624 (Okla. 1974). Generally, a products liability action accrues at the time of a plaintiff's injury. *See Green v. Oilwell, Div. of*

6

*United States Steel Corp.*, 767 P.2d 1348, 1350 (Okla. 1989) ("In a manufacturers' products liability action the cause of action accrues at the time of the injury.").

The discovery rule, which tolls the statute of limitations in certain circumstances, has been extended to product liability claims. *Daugherty v. Farmers Co-Op Ass'n*, 689 P.2d 947, 950 (Okla. 1984) (citing *Williams v. Borden, Inc.*, 637 F.2d 731 (10th Cir. 1980), as correct prediction of Oklahoma law but cautioning that the discovery rule, as applied to Oklahoma product liability actions, "must not be interpreted as broadly as could be inferred from *Borden*")). In *Daugherty*, the Oklahoma Supreme Court explained the unique circumstances present in *Williams* that warranted tolling of the statute of limitations in that product liability case – namely, where "the injury potential from inhaled PVC fumes from meat wrapping produced by cutting the plastic file with a hot wire was unknown at the time of injury," where "extant literature and knowledge in the medical, toxilogical chemical fields did not exist sufficient for the plaintiff or anyone else to realize from where the symptoms of injury arose," and where the plaintiff "had no way of attributing his symptoms to an injury which defendant's product caused." *Daugherty*, 689 P.2d at 950. In contrast, in *Daugherty*, the "toxicity potential" of the pesticides at issue was common knowledge, and the "connection between the product and the injury was discoverable." *Id.* at 950. The Oklahoma Supreme Court reiterated the purpose of the discovery rule:

> Properly limited, a discovery rule should encompass the precept that acquisition of sufficient information which, if pursued, would lead to the true condition of things will be held as sufficient knowledge to start the running of the statute of limitations. This rule obtains because a reasonably prudent person is required to pursue his claim with diligence. Statutes of limitation were not designed to help those who negligently refrain from prosecuting inquiries plainly suggested by the facts. A plaintiff is chargeable with knowledge of facts which he ought to have discovered in the exercise of reasonable diligence.

*Id.* at 950-51 (citation omitted).

7

The product liability claim asserted in the Second Amended Complaint would be filed against Fujian over five years following Plaintiff's fall from the stool. In contrast to a case in which the cause of a particular injury is essentially untraceable to a particular defendant or source, Plaintiffs could have "discovered" Fujian as the manufacturer of the stool had they exercised diligence. Thus, the type of "discovery" that Plaintiffs seek to allege in the proposed Second Amended Complaint, even accepting the discovery date as accurate, does not toll the relevant statute of limitations. *See Wells v. Lowe's Home Ctrs., Inc.*, No. 06-CV-150, 2008 WL 2783161, at *2 (N.D. Okla. July 15, 2008) (applying Oklahoma law) (dismissing claims against manufacturer based on statute of limitations where the plaintiff was injured by saw blade but first learned identity of actual manufacturer after expiration of the statute of limitations). In *Wells*, the court reasoned:

> Here, Plaintiffs clearly knew of the injury to Wells' eye, and that it was caused by the saw blade, on November 26, 2003. The only information not known by the Plaintiffs was the identity of the actual manufacturer of the saw blade. Plaintiffs have cited no authority for the proposition that this type of informational deficit is excused by Oklahoma's discovery rule. Therefore, the Court cannot conclude that Oklahoma's discovery rule tolls the statute of limitations when the injured party knows they have been wrongfully injured, has identified the product that caused the injury, and has identified the designer, distributer, and seller of that product, but has not identified the actual manufacturer of the product. Because Plaintiffs had sufficient information to initiate the running of the limitations period on November 26, 2003, Plaintiffs had only until November 26, 2005, to diligently pursue their claims against those responsible.

*Id.* The facts of this case are identical to those presented in *Wells* in that Plaintiffs knew of the injury, the product that caused the injury, and other entities within the distribution chain, but did not know the identity of the actual manufacturer until following expiration of the statute of limitations. The Court therefore finds that Plaintiffs' proposed product liability claim is outside the relevant two–year statute of limitations, even were the Court to permit the "discovery" language contained in paragraph 22 of the proposed Second Amended Complaint.

### B. Relation Back

Alternatively, Plaintiffs contend that, if their proposed product liability claim against Fujian is outside the statute of limitations, it is saved by the "relation back" doctrine set forth in Federal Rule of Civil Procedure 15(c) ("Rule 15(c)").[5] Plaintiffs do not explain whether they seek to prove relation back to the 2007 Petition or the 2008 Petition. If the proposed amendment relates back to the 2007 Petition, this would save the claim because the 2007 Petition was filed within two years of the August 21, 2005 injury. *See Green*, 767 P.2d at 1350 (product liability cause of action generally accrues at the time of the injury). If the proposed amendment relates back to the 2008 Petition, this would not save the claim because the 2008 Petition was filed more than two years after the August 21, 2005 injury.

The Court holds that the proposed amendment cannot relate back to the 2007 Petition. Rule 15(c) allows relation back only to the date of the "original pleading." A proposed amendment cannot "relate back" to a dismissed complaint. *See Rayo v. State of N.Y.*, 882 F. Supp. 37, 40

---

[5] Rule 15(c) provides:

c) Relation Back of Amendments.
(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
(A) the law that provides the applicable statute of limitations allows relation back;
(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
(i) received such notice of the action that it will not be prejudiced in defending on the merits; and
(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

(N.D.N.Y. 1995) (concluding that proposed amendment could not "relate back to any prior proceedings which are not part of the action in question") ("In the instant case, the plaintiff's amended federal pleading cannot relate back to the original [state court] pleading for statute of limitations purposes. At best, plaintiff's amended pleading relates back only to the initial pleading filed with this court . . . ."); *Thompson v. THI of New Mexico at Casa Arena*, No. 05-1331, 2008 WL 5999653, at *28 (D.N.M. Dec. 24, 2008) (rejecting argument that court could allow "amendment" of a previously dismissed action to add a newly discovered defendant under Rule 15(c) and concluding that it would have to permit "reopening" of case) ("The plain language of rule 15 refers to 'amendments' to pleadings. When a complaint has been dismissed, there is nothing to amend. There is no complaint.") (citations omitted); *Elgendy v. City of N.Y.*, No. 99-CIV-5196, 2000 WL 1119080, at *5 (S.D.N.Y. Aug. 7, 2000) (finding that a voluntarily dismissed complaint is treated as if it was never filed and cannot constitute an "original pleading" for purposes of relation back under Rule 15(c)).

Thus, Plaintiffs may only attempt to show relation back to the 2008 Petition. Even assuming Plaintiffs could satisfy Rule 15(c)'s requirements such that their proposed amendment would "relate back" to the 2008 Petition, their claims against Fujian are barred by the two-year statute of limitations. This is because (1) Plaintiffs' claims against Fujian arose on August 21, 2005; and (2) the 2008 Petition was filed on August 15, 2008. Although Plaintiffs' claims against Tuesday Morning and HEB, the defendants named in the 2007 Petition, were "saved" under Oklahoma law and therefore not barred by the statute of limitations, *see* Okla. Stat. tit. 12, § 100 (allowing refiling of otherwise untimely action within one year of a voluntarily dismissal), they were not saved as to Fujian. *See Boulden v. Colbert Nursing Home, Inc.*, 249 P.3d 105, 109-110 (Okla. Civ. App. 2011)

("Oklahoma courts have also recognized that [Okla. Stat. tit. 12, § 100] may save a claim against defendants who were not named as parties until after limitations ran; however, such cases have been generally limited to situations where the change or addition of a party is nominal or where the party added is substantially the same as the defendant who was originally named."). Fujian is an entirely new party that is unrelated to Tuesday Morning or HEB. Therefore, even assuming Plaintiffs' proposed amendment somehow "relates back" to the 2008 Petition, such claim would still be futile as outside the two-year statute of limitations.

Accordingly, Plaintiffs' proposed Second Amended Complaint adding a product liability claim against Fujian is futile because: (1) even if Plaintiffs allege and prove that May 12, 2009 was the first time they knew that Fujian manufactured the stool, this does not entitle them to any equitable tolling under Oklahoma's discovery rule; (2) the proposed Second Amended Complaint cannot relate back to the dismissed 2007 Petition; and (3) assuming the proposed Second Amended Complaint relates back to the 2008 Petition, such that the proposed product liability claim was deemed filed that date, such claim is outside the statute of limitations. Accordingly, Plaintiffs' Motion to Amend is denied.

### III. Motion to Dismiss

Fujian moved to dismiss the negligence claim asserted against it in the Amended Complaint. Plaintiffs filed the Amended Complaint pursuant to the Court's Rule 19 Order. However, Rule 19 cannot trump or obviate a statute of limitations, once properly raised. *Andrews v. Lakeshore Rehab. Hosp.*, 140 F.3d 1405, 1408 (11th Cir. 1998) (rejecting argument that, because joinder of party was required or proper under Rule 19, court had power to ignore statutes of limitation) ("We agree with the district court that these arguments also fail because the provisions for joinder of parties under

11

Rules 19 and 21 are not immune from statutes of limitations.") (citing 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1688 (3d ed. 2010)). All arguments made by Plaintiffs and HEB against dismissal of the negligence claim – namely, the discovery rule and Rule 15(c)'s relation back doctrine – have been addressed by the Court in Part II.B. The Court's reasoning applies equally to the negligence claim asserted in the Amended Complaint. Thus, despite the Court's Rule 19 Order prompting the negligence claim against Fujian in the Amended Complaint, such claim must be dismissed because it is outside the relevant two-year statute of limitations.[6]

## IV. Conclusion

The Opinion and Order dated May 23, 2011 (Doc. 124) is hereby VACATED and superseded by this Amended Opinion and Order. Plaintiffs' Motion to Amend (Doc. 112) is DENIED. Fujian's Motion to Dismiss (Doc. 101) is GRANTED, and the claim against Fujian in the Amended Complaint is dismissed with prejudice. Fujian remains a third-party defendant. The Clerk is directed to change "Fuijan" to "Fujian" on the case caption. The parties are ordered to submit a Joint Status Report no later than ten days from the date of this Order. The Joint Status Report should set forth proposed deadlines for all remaining events in the litigation.

**IT IS SO ORDERED** this 1st day of August, 2011.

---

[6] At the time the Court permitted addition of Fujian as a Rule 19 party, it was without the benefit of arguments now before the Court.

_____
UNITED STATES DISTRICT JUDGE